IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| REITMEYER & ASSOCIATES, INC. d/b/a GC EXPERTS, a Texas Corporation,<br>    Plaintiff,<br>v.<br>STILTEN, LTD. CO., a Texas Corporation; THE GUARANTEE COMPANY OF NORTH AMERICA USA, a Michigan Corporation; MARCUS EADDY; and BENJAMIN EADDY,<br>    Defendants. | CIVIL ACTION NO. 6:20-cv-378 |

# PLAINTIFF'S ORIGINAL COMPLAINT

Reitmeyer & Associates, Inc. d/b/a GC Experts ("GC Experts"), referred to in this Original Complaint (the "Complaint") as "Plaintiff," hereby files this Complaint against Defendants Stilten Limited Liability Company ("Stilten"), The Guarantee Company of North America USA ("Surety"), Marcus Eaddy, and Benjamin Eaddy (collectively "Defendants") and, through its undersigned counsel, alleges as follows:

## PARTIES

1.    Plaintiff GC Experts is a corporation organized under the laws of the State of Texas and is engaged in business as a federal government construction trainer and consultant, with its principal place of business at 300 Brushy Creek Rd. Ste 404 Cedar Park, TX 78613.

2.    Plaintiff is informed and believes that Defendant Stilten is a Texas corporation, with its headquarters at 9800 Centre Pkwy Ste 570 Houston, TX 77036. It may be served through process to its registered agent, Jason Head, located at Defendant Stilten's headquarters and principle place of business: 9800 Centre Pkwy Ste 570 Houston, TX 77036.

3. Plaintiff is informed and believes that Defendant Surety is a Michigan corporation doing business in Texas with its headquarters at One Town Square Suite 1470 Southfield, Michigan 48076. Defendant Surety may be served through process to its registered agent, Stevens-Dell & Associates, located at 6351 Preston Rd., Ste 115 Frisco, TX 75034 USA.

4. Defendant Marcus Eaddy is a natural person who, upon information and belief, resides at his home at 13911 Danton Falls Dr Houston TX 77041. He may be served at his residence or at his place of work at 9800 Centre Pkwy Ste 570 Houston, TX 77036.

5. Defendant Benjamin Eaddy is a natural person who, upon information and belief, resides at his home at 5868A-1 Westheimer Rd, Unit 231 Houston TX 77057. He may be served at his residence or at his place of work at 9800 Centre Pkwy Ste 570 Houston, TX 77036.

## JURISDICTION AND VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this Court and because a substantial part of the harm suffered occurred and is occurring in this District by reason of the facts set forth in this Complaint.

7. Venue is also proper in this Court pursuant to the Miller Act, 40 U.S.C. § 3133 because Plaintiff has furnished labor in carrying out work provided for in a contract for which a payment bond was furnished under § 3133 of the Miller Act and that has not been paid in full within 90 days after the day on which the Plaintiff performed the last of the labor.

## FACTS

8. On or about September 29, 2018, Defendant Stilten was awarded a government contract to replace the grease traps of two separate dining facilities located at Ft. Hood, Texas (Contract No. W91151-18-C-0027) (the "Work").

9. Under the contract, the contractor was required to furnish payment and performance bonds for the project.

10. On October 10, 2018, Defendant Surety issued payment and performance bonds for the value of the contract in the penal sum of $282,110.00.

11. Pursuant to the payment bond, Defendant Stilten is obligated to make payments to all persons having a direct relationship with Stilten ("Principal").

12. Pursuant to an agreement between GC Experts and Defendant Stilten, the parties agreed to a 2-way profit split, less a $10,000 advance to GC Experts' CEO, Douglas Reitmeyer.

13. The Work was performed by Defendant Stilten and its subcontractors between October 2018 and May 2019.

14. During Defendant Stilten's performance of the Work, Defendant Stilten engaged in questionable conduct that caused unnecessary and unexplained job costs, resulting in a diminished net profit. This questionable conduct included:

   a. During the performance of the Work, a collision center bill was incurred for the repair of Marcus Eaddy's personally owned vehicle in the amount of $1,598.17. Rather than simply initiating a claim with its insurance carrier, Defendant Stilten opted to classify this as a job expense. Defendant Stilten did not inform GC Experts about this expense or the circumstances surrounding it until GC Experts inquired into the matter.

   b. After an agreement with A+ Asphalt to pay $18,000 within 10 days for services rendered, Defendant Stilten failed to comply. As a result, Defendant Stilten paid $20,000 for services rendered. Despite repeated attempts, Defendant Stilten,

through its owners, Marcus and Benjamin Eaddy, have failed to respond or clarify the reasoning behind the additional $2,000 expense.

c. Defendant Stilten's project manager failed to turn in bills that were incurred by GC Experts for work that was completed on two separate buildings (Buildings 21020 and 9205). The total amount of these expenses is unknown at this time. Defendant Stilten, through its owners, Marcus and Benjamin Eaddy, have failed to respond or clarify the reasoning behind this failure.

15. As a direct result of Defendant Stilten's questionable actions and conduct regarding the Work on this project, GC Experts has suffered economic loss.

16. While Defendant Stilten has agreed to pay GC Experts $10,535.08, Defendant Stilten has yet to pay the additional funds for the additional incurred expenses, the collision expenses, or the overage paid to A+ Asphalt ("Damages").

17. Defendant Stilten has not answered GC Experts' repeated inquiries into the additional funds owed it and has, to date, failed to pay such amounts to GC Experts. A justifiable controversy exists, and GC Experts' was forced to initiate this lawsuit.

## CAUSES OF ACTION

### COUNT 1
### BREACH OF CONTRACT PURSUANT TO THE MILLER ACT, 40 U.S.C. § 3133
### (DEFENDANTS STILTEN AND SURETY)

18. GC Experts re-alleges and incorporates by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

19. Defendant Surety furnished an enforceable payment bond to the government requiring Defendant Stilten ("Principal") to make payments to all persons having a direct relationship with the Principal.

20. GC Experts has fully performed all obligations pursuant to the agreement between GC Experts and Defendant Stilten.

21. Defendant Stilten has failed and refused to pay to GC Experts its portion of the net profits and Defendant Stilten has refused to provide any clarification as to additional expenses incurred as part of the Work which cost GC Experts to lose expected profits.

22. In violation of its statutory obligations under the Miller Act, and in breach of its contract with GC Experts, Defendant Stilten has failed and refused to pay GC Experts within 90 days of the last day that GC Experts provided labor for which this claim is made.

23. Moreover, pursuant to the Miller Act, 40 U.S.C. § 3133, Defendant Stilten's non-payment constitutes a breach of the obligations under the payment bond.

24. Defendant Surety is obligated under the payment bond, up to the penal sum of the payment bond, to cure Defendant Stilten's breach and pay to GC Experts its outstanding balance due and owing. To date, Defendant Surety has failed to pay GC Experts.

25. As a direct and proximate result of the above alleged breach by Defendant Stilten, and as a direct and proximate result of Defendant Surety's failure to cure that breach through direct payment to GC Experts, GC Experts has incurred and will incur costs and expenses and has suffered and will suffer direct, indirect, consequential, general, and special damages including all costs necessary to remedy the breach of the performance bond in an amount of at least the additional incurred expenses, the collision expenses, and the overages paid to A+ Asphalt ("Damages").

# COUNT 2
# FRAUDULENT MISREPRESENTATION
## (DEFENDANTS STILTEN, MARCUS EADDY, BENJAMIN EADDY)

26. GC Experts re-alleges and incorporates by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

27. Defendants Stilten, Marcus Eaddy, and Benjamin Eaddy made material representations to GC Experts' regarding receipt of additional consideration following the completion of the Work.

28. Specifically, Defendants Stilten, Marcus Eaddy, and Benjamin Eaddy completed and authorized repairs to a personal vehicle without informing GC Experts until after the Work was completed. Rather than engage in the common practice of filing an insurance claim with Defendant Stilten's insurance carrier for the repairs, Defendant Marcus Eaddy authorized the cost as a job expense. Additionally, Defendant Stilten's project manager did not turn in bills for work completed by GC Experts which would have resulted in a larger net profit to GC Experts.

29. Defendants' Stilten, Marcus Eaddy, and Benjamin Eaddy's representations were false and made with the intent that GC Experts continue to provide the defendant the benefit of some of its services free of charge or otherwise take debits against its expected profits for expenses unrelated to the Work, resulting in a smaller overall net profit. Furthermore, Defendants Stilten, Marcus Eaddy, and Benjamin Eaddy concealed these crucial and material facts from GC Experts.

30. When Defendants Stilten, Marcus Eaddy, and Benjamin Eaddy made their representations, Defendants knew of their falsity or made the representations recklessly, as positive assertions, and without knowledge of their truth with the expectation that GC Experts would rely on them.

31. GC Experts completed additional work and incurred additional expenses relying on Defendants' Stilten, Marcus Eaddy, and Benjamin Eaddy's representations and such representations caused GC Experts injury.

32. As a result of Defendants' fraudulent misrepresentations, GC Experts suffered injury in an amount of actual damages and loss, plus interest, costs, and attorneys' fees.

## ATTORNEYS' FEES

33. GC Experts re-alleges and incorporates by reference, as though set forth in their entirety, the allegations contained in the preceding paragraphs.

34. Defendants have failed to tender full payment, as required by the contract and the payment bond.

35. Consequently, GC Experts has retained The Chapman Firm, PLLC to represent it with respect to this breach of contract and fraudulent misrepresentation action, and has agreed to pay the firm reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees is authorized pursuant to TEX. CIV. PRAC. & REM. CODE §38.001 and under the contract terms.

36. In addition, GC Experts prays for recovery of its reasonable and necessary attorneys' fees for all post trial work in this case, including, but not limited to, Motions To Reconsider, Motions for New Trial, and hearings thereon, appeals to the Court of Appeals, appeal to the U.S. Supreme Court, and post-judgment collection of any judgment rendered in GC Experts' favor.

## PRAYER FOR RELIEF

**WHEREFORE**, GC Experts prays that this Court grant it:

  a. Judgment against Defendants for the Damages suffered;

  b.  Pre-judgment interest at the highest rate allowed by law;

  c.  Post-judgment interest at the highest rate allowed by law;

  d.  Attorneys' fees;

  e.  Costs of court and other litigation expenses recoverable under the Plaintiff GC Experts and Defendant Stilten's agreement;

  f.  Such other and further relief, at law or in equity, to which GC Experts may show itself to be justly entitled.

Dated: May 11, 2020

Respectfully submitted,
THE CHAPMAN FIRM, PLLC
3410 Far West Blvd., Ste. 210
Austin, Texas 78731
(512) 872-3840
(512) 879-9033 facsimile
erik@chapmanfirmtx.com
jeff@chapmanfirmtx.com

By: /s/ *Erik G. Moskowitz*
  Erik G. Moskowitz
  State Bar No. 24089904
  Jeffrey S. Chapman
  State Bar No. 24026469

**ATTORNEYS FOR PLAINTIFF,** Reitmeyer & Associates, Inc. d/b/a GC Experts